IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LOUIS E. RICHARD, JR.                                                                           PLAINTIFF

      v.                          Civil No. 4:08-cv-04016

LOUIE GRAVES, Co-publisher
of the Nashville Leader; JANE
GRAVES, Co-publisher of the
Nashville Leader; HOWARD
COUNTY CIRCUIT COURT; and
BOBBIE JO GREEN, Clerk,
Howard County Circuit Court                                                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for a determination of whether service of process should issue.

### Background

Plaintiff, Louis E. Richard, Jr., is currently an inmate of the Arkansas Department of Correction, Grimes Unit, in Newport, Arkansas. According to the allegations of the complaint, on January 9, 2008, Richard appeared before the Howard County Circuit Court and entered a plea of guilty to a charge of possession of crack cocaine.

Richard alleges the Clerk of Court, Bobbie Jo Green, then issued a statement to the Nashville Leader, indicating he was convicted of selling crack cocaine. Richard states an article was printed

in the January 16, 2008, edition of the Nashville Leader.

Richard attaches to his complaint what appears to be an a summary of court proceedings from a newspaper. One paragraph deals with the Richard and provides as follows: "Louis E. Richard, 44, black male, Lockesburg, pleaded guilty to a charge of selling crack cocaine, and was sentenced to 10 years in the ADC plus court fees." Richard asserts claims for defamation and slander against the Nashville Leader and Circuit Clerk Bobbie Jo Green.

On January 30, 2008, Richard also states he was arraigned on two counts of delivery of crack cocaine in the Howard County Circuit Court. Richard states that at his arraignment he asked that he be appointed a different lawyer because the part-time public defender he had been appointed, LaJeana Jones, was refusing to file any motions on his behalf. Richard indicates his request for a new attorney was refused. Richard asks that this order a change of venue on the pending criminal charges against him in Howard County.

## Discussion

Richard's claims are subject to dismissal. First, in general private citizens do not act under color of state law for purposes of § 1983. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). However, § 1983 "liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002).

Actions by reporters, journalists, or newspapers in publishing or airing a news story do not constitute the requisite "state action" to support a § 1983 claim. *See e.g., Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000)(*citing, Rielly v. Barkley,* 1992 WL 390282 (E.D.N.Y. 1992);

*Skinner v. Dwyer,* 1992 WL 265995 at *2 (N.D.N.Y.1992) ("section 1983 may not be used when it is alleged that a purely private defendant has deprived someone of a constitutional right ... A newspaper does not act under color of law when it publishes information received from police or other state officials."); *Fitzpatrick v. Wert,* 432 F. Supp. 601, 603 (W.D.N.Y.1977) (journalists "cannot be held liable under 42 U.S.C. §§ 1983 or 1985 for doing that which is their constitutionally protected right as newsmen")). The newspaper's mere publication of an article about Richard's plea and sentence does not amount to an agreement or a conspiracy to violate Richard's rights.

"Additionally, regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000)(*citing, Paul v. Davis,* 424 U.S. 693, 699-701, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976)). In *Davis,* an alleged defamation was held not to injure a property or liberty interest protected by the United States Constitution. *Idema,* 120 F. Supp. 2d at 371.

Second, Bobbie Jo Green, the Howard County Circuit Clerk is immune from suit. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992)(internal quotations marks and citation omitted). *See also Maness v. District of Logan County-Northern Div.,* 495 F.3d 943 (8th Cir. 2007)(clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of a judge or according to court rule); *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)(court clerks absolutely immune from actions for damages for charging excessive bail–action required under court order or at a judge's discretion); *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly

impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *see also Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity).

In this case, Richard makes the bare allegation that the court clerk provided the Nashville Leader with erroneous information regarding his plea. While the Nashville Leader may have had a reporter present during the plea or obtained the information in any number of ways, assuming the information was obtained from the court clerk, providing the public with access to court documents is an integral part of the judicial process and the clerk is entitled to quasi-judicial immunity for her actions.

Third, "state courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the eleventh amendment." *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir. 1987). Moreover, it has been held that state courts are not "persons" subject to suit under § 1983. *See e.g., Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Zuckerman v. Appellate Div.*, 421 F.2d 625, 626 (2nd Cir. 1970); *Kinney v. City of Cleveland*, 144 F. Supp. 2d 908 (N.D. Ohio 2001).

Finally, to the extent Richard's claims are not otherwise barred, abstention is appropriate. "In *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999). Abstention under *Younger* "is warranted if the action complained of

constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Id.* (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Richard asks us to interfere with an ongoing state court criminal trial in which the presiding judge has refused his request to replace his court appointed public defender. He asks this court to order a change of venue in his state court criminal action. This court will not interfere in ongoing state criminal proceedings absent extraordinary circumstances. No such circumstances exist here and abstention is appropriate.

## Conclusion

I therefore recommend the case be dismissed on the grounds the claims are frivolous, fail to state claims upon which relief may be granted, are asserted against individuals immune from suit, or are not presently cognizable under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Richard has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Richard is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of April 2008.

/s/ Barry A. Bryant
BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE